Harmeet Singh KHAMBA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71676.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Sept. 13, 2004.*

Decided Sept. 27, 2004.

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Nelda C. Reyna, Esq., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM**

Harmeet Singh Khamba petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of an immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence. See Lal v. INS, 255 F.3d 998, 1000 (9th Cir.2001). We grant the petition and remand.

The BIA assumed arguendo that Khamba testified truthfully and established past persecution on account of an imputed political opinion. The BIA went on to conclude that the government's evidence rebuts the resulting presumption of a well-founded fear.

The BIA's conclusion that country conditions in India changed sufficiently to rebut any presumption of a well-founded fear is not supported by substantial evidence in the record. See 8 C.F.R. § 208.13(b)(1)(i); Kataria v. INS, 232 F.3d 1107, 1115 (9th Cir.2000). The 1996 country conditions report and the 1997 addendum upon which the BIA relies describe a "lower" level of violence and general improvement in the

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

situation in the Punjab. However, the report stated there were still unexplained bombings and murders of Sikh activists, for which police officers were on trial. The report also noted that the investigation of deaths at the hands of the police was at best a slow process and custodial abuse and other police abuses remained a significant problem at that time.

We remand for consideration of the IJ's adverse credibility determination. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). We do not reach Khamba's eligibility for withholding of removal or protection under CAT.

**PETITION GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.